**UNITED STATES of America, Plaintiff,**

v.

**Robert D. BORZILLO, Defendant.**

**Civ. A. No. 95–1530.**

United States District Court,
E.D. Pennsylvania.

Sept. 11, 1995.

---

Shannon L. Hough, Tax Div., U.S. Dept. of Justice, Washington, DC, for plaintiff.

Paul A. Logan and Kevin B. Watson, Powell, Trachtman, Logan, Carrle, King of Prussia, PA, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATZ, District Judge.

1. On August 23, 1988, Anthony W. Borzillo, Jr. died.

2. Anthony Borzillo (the taxpayer), filed Federal income tax returns (Form 1040) for the years 1985 through 1987 reporting Federal income tax liabilities which he failed to pay.

3. As a result, the IRS made assessments against Anthony Borzillo for Federal income tax liabilities totalling $44,568.00.

4. Although notice and demand for payment of each of the assessments described above was given, Anthony Borzillo did not pay over in full the amounts assessed. As a result, the sum of $81,046.32, remains due and owing to the United States, plus statutory additions and interest accruing thereon according to law from March 10, 1995.

5. On April 4, 1991, the government recorded a Notice of Federal Tax Lien for the years 1985–1988 against Anthony Borzillo with the Prothonotary of Montgomery County, Pennsylvania.

6. On June 10, 1986, Anthony Borzillo acquired 1214 Addison Walkway, Philadelphia, Pennsylvania for the sum of $160,000.00.

7. On August 17, 1988, the subject property was conveyed to defendant Robert Borzillo.

8. At the time of the conveyance of the property, Anthony Borzillo was indebted to the United States for over $39,000.00.

9. At the time of the conveyance, the value of Anthony W. Borzillo's assets were less than the amount required to pay his existing debts, including his tax liability to the United States.

10. At the time of the conveyance, the Addison Walk property was worth approximately $215,000.00.

11. Anthony Borzillo received nothing of monetary value in return for the conveyance of the Addison Walk property to his brother.

12. Insufficient credible evidence exists that Anthony Borzillo was in debt to his brother Robert Borzillo. Anthony Borzillo's capital account deficit of $52,486.00 does not provide a credible basis that this was a debt to his brother, Robert Borzillo, because Robert Borzillo himself had a deficit capital account in their partnership of $66,847.00. Nor do the checks paying off the mortgage on the Addison Walk property demonstrate a credible basis to find a debtor-creditor relationship between the brothers. No loan documents exist. Thus, the judgment confessed by Robert Borzillo in Montgomery County on the basis of a power of attorney from his brother did not have a credible basis in antecedent debt.

13. To the extent any evidence exists as to a debt to Robert Borzillo, that debt is not the reasonable equivalent of the value of the property conveyed.

14. Defendant Borzillo did not give fair consideration for the conveyance of the subject property.

15. The conveyance left Anthony Borzillo insolvent.

16. Defendant Borzillo did not pay fair consideration for the conveyance.

17. The conveyance of property was made with the actual intent to hinder, delay, or defraud creditors. The following facts support an inference of intentional fraud in this case: (1) the conveyance lacked fair consideration; (2) the transferor and transferee were closely related; (3) Robert Borzil-

lo executed the deed transferring the property to himself; (4) Anthony Borzillo's imminent and expected death; and (5) the stated nominal consideration on the deed.

18. On November 21, 1989, defendant sold the property to bona fide purchasers for the sum of $190,000.00.

19. As a result of the November 21, 1989 conveyance, defendant Borzillo received proceeds in the amount of $31,369.00.

20. The United State is entitled to recover from defendant Borzillo the sum of $31,-369.00, plus interest accruing thereon according to law.

21. Pursuant to 26 U.S.C. § 6321, a lien arises in favor of the United States upon the assessment of the taxes.

22. The government established its prima facie case by offering into evidence the Form 4340 Certificate of Assessments and Payments for the tax years 1985 through 1987.

23. The assessments for 1985, 1986, and 1987 are valid.

24. Defendant failed to carry the burden of proving that the conveyance was in payment of an antecedent debt.

25. Insufficient credible evidence existed that Anthony Borzillo owed Robert Borzillo any money. To the extent any money was owed by Anthony Borzillo to Robert Borzillo, the debt was not the reasonable equivalent of the value of the property obtained.

26. Alternatively, the conveyance was made with the intent to defraud Anthony Borzillo's creditors.

27. Actual intent to defraud creditors can be inferred, as here, from all the circumstances surrounding the transaction.

28. Robert D. Borzillo failed to prove any of the elements of estoppel.